## MARTIN *a.* LOTT.

*Supreme Court, Brooklyn Special Term ; February,* 1856.

MOTION TO SET ASIDE JUDGMENT.—LACHES.—VARIANCE.

What degree of laches in moving to set aside a judgment for irregularity, will authorize the court to deny the motion.

A variance between the order of dismissal of the complaint made at the circuit, as entered in the minutes by the clerk at the time, and the order as drawn up and inserted in the judgment-roll, is a matter of mere irregularity, which can only be taken advantage of, if at all, within a year from the time of perfecting the judgment.

In an action brought for the recovery of specific personal property, the defendant's answer claimed, not a return of the property, but damages for the taking of it by the plaintiff in the suit. On the trial the complaint was dismissed, and the court directed the defendant's attorney to take a judgment for the return of the property itself.

*Held,* on motion to vacate the judgment for irregularity, that the defendant should be allowed to amend his answer, so as to conform to the judgment.

Motion to set aside a judgment for irregularity.

This action was brought by Ann Martin against Englebert Lott, for the recovery of specific personal property. It being brought on for trial at the circuit, the complaint was dismissed and judgment rendered for the defendant for the return of the property in question, which had been taken from the defendant, by requisition on the part of the plaintiff. This judgment was perfected December 27, 1854. The defendant now moved to vacate it for irregularity on grounds which appear in the opinion of the court.

BIRDSEYE, J.—The complaint in this case was dismissed at the November circuit, 1854. It had been previously dismissed twice; one dismissal was set aside by consent of the parties, the other by order of the court. This is the fourth motion which has been made to set aside the judgment in question; the three former motions having been denied.

An execution was issued on the judgment in this action, which was returned unsatisfied; and no return being obtained of the property which the plaintiff had taken from the defendant, an action was commenced in May, 1855, against the sureties in the plaintiff's undertaking. Judgment was obtained in that action in October last. In November that judgment was opened, and the defendants let in to defend. Another judgment has since been obtained, and a motion to open that has been denied.

It would certainly seem that here was such constant, repeated, and renewed laches, that nothing further need be said to justify a denial of the present motion. It should be noted also that the value of the property which the plaintiff originally sued for did not exceed $250, and was probably much less than that. The costs included in the judgment, and in the suit against the sureties, probably equal in amount the value of the property for which this action is brought. Were the present motion granted, it could only be on payment of the costs against the sureties, and a large part, if not the whole of the costs in the present suit. But in order to dispose of this controversy finally, and prevent a renewal of this motion in any other shape, I shall examine the grounds of objection to the judgment, although without intending to intimate any doubt of the entire sufficiency of the considerations already adverted to.

The first objection is, that there is a variance between the order of dismissal of the complaint, made at the circuit, as entered in the minutes by the clerk, and that contained in the judgment-roll. That variance does exist. But it is shown, to my satisfaction, that the error is not that of the defendant or his attorney. The order which forms a part of the judgment-roll was the one made by the court; it was then drawn up by the defendant's attorney, and handed to the clerk, from whom it was subsequently procured, to be inserted in the roll. The variance was, also, a mere irregularity, which could only be

taken advantage of, if at all, within a year from the perfecting of the judgment.

The other objection is that the court, at the circuit, gave judgment for the return of the property, and that judgment was entered up accordingly, when the defendant's answer claimed, not a return of the property, but damages for the taking of it by the plaintiff in her suit. It is shown that the defendant's attorney at the trial sought to take judgment for the value of the property as damages, and was about calling witnesses to prove such value, when the court directed him to take judgment for the return of the property itself.

If the answer does not warrant the taking of the judgment for the defendant in the precise form which the court chose to give to it, the plaintiff has suffered no harm. The facts that appeared before the court warranted the relief granted. The only amendment that would have been required, would have been in the prayer for relief, at the close of the answer. The learned judge seems to have thought that immaterial. He granted to the defendant " the affirmative relief to which he was entitled" (*Code*, § 274). Had the judgment been for the value of the property, as damages for taking and withholding it, the rights of the parties would not have been altered in any essential respect. But if there was any error in giving to the judgment that particular form, instead of the one prayed for in the answer, I am satisfied that it is in furtherance of justice to amend the answer so as to conform it to the judgment. The power so to do is clear (*Code*, § 173). It cannot be pretended that such an amendment will change substantially the defence. That arises from the facts set out in the answer, showing that the property in question was that of Thomas Martin, and not that of the plaintiff, and that as such it was liable to the execution against him held by the defendant as sheriff.

That amendment may accordingly be made. But this permission is not to be understood as an intimation that such an amendment was ever essential, or that the want of it was any thing but a mere irregularity, of which no advantage can be taken after the lapse of a year from the entry of judgment.

Motion denied, with $10 costs.